## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | |
|---|---|
| KENT MORGAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Criminal Case No. 16-10031 |
| ) | Civil Case No. 20-1236 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

### ORDER AND OPINION

This matter is before the Court on initial review of Petitioner Kent Morgan's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. ECF No. 141.[1] For the reasons set forth below, Petitioner's § 2255 Motion is DISMISSED.

### BACKGROUND AND PROCEDURAL HISTORY

On May 25, 2016, Petitioner was indicted on one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). ECF No. 25. Petitioner was flying back with his elderly father from St. George, Utah to Galesburg, Illinois, when law enforcement officers stopped him at the Peoria, Illinois airport. *United States v. Morgan*, 929 F.3d 411, 415 (7th Cir. 2019). In the course of questioning Petitioner, officers caught him throwing a medical glove over their heads with 86.5 grams of pure methamphetamine. *Id*. at 416. On August 15, 2016, Petitioner went to trial on that single count. *Id.* During the August trial, Petitioner testified, conceding he possessed the methamphetamine and attempted to throw it to avoid arrest, but denied intent to distribute it. *Id.* As a result of Petitioner's concession, the

---

[1] All citations are to Petitioner's criminal docket 16-10031.

1

Government's task was to convince the jury that Petitioner had intent to distribute based on the quantity of methamphetamine in his possession. *Id*. At the close of evidence, the Court instructed the jury on both the indicted charge of possession with intent to distribute and the lesser included offense of possession of a controlled substance. *Id*. at 417. On August 16, 2016, the jury convicted Petitioner on the lesser charge of simple possession; however, they were unable to reach a decision as to the charge of possession with intent to distribute. *Id*. at 418.

On May 30, 2017, the Government decided to retry Petitioner for possessing methamphetamine with intent to distribute. *Id.* The Court noted that the jury had failed to come to a verdict on the charge of possession with intent to distribute, and therefore, Petitioner would be tried on this count of the indictment again. *Id.* On May 31, 2017, the jury convicted Petitioner of possessing more than fifty grams of methamphetamine with intent to distribute it. ECF No. 78.

On June 12, 2017, Petitioner filed a pro se motion for a new trial. ECF No. 80. On October 25, 2017, Petitioner, through counsel, filed another motion for a new trial. ECF No. 90. On February 14, 2018, the Court held a hearing on the motion and denied Petitioner's motion for a new trial. Minute Entry 2/14/2018. On March 12, 2018, Petitioner filed a motion for reconsideration. ECF No. 102. On April 20, 2018, the Court denied Petitioner's motion for reconsideration. Minute Entry 4/20/2018. On August 7, 2018, Petitioner was sentenced to 240 months imprisonment. ECF No. 108. On August 13, 2018, Petitioner filed a notice of appeal. ECF No. 111. On appeal, Petitioner argued that (1) his retrial violated his Fifth Amendment right to not be placed in double jeopardy; (2) that the introduction of evidence of prior drug use and drug dealing violated Federal Rules of Evidence 404(b) and 403; and (3) that his counsel was ineffective for failing to raise objections based on either of these alleged errors. *Morgan*, 929 F.3d at 421. On July 23, 2019, the Seventh Circuit issued its ruling denying Petitioner's appeal and affirming the

Court's pre-trial decisions. ECF No. 140-1. On June 22, 2020, Petitioner filed the instant § 2255 Motion. ECF No. 141. This Opinion follows.

## ANALYSIS

Petitioner has moved to vacate his conviction under 28 U.S.C. § 2255. A § 2255 motion allows a person convicted of a federal crime to vacate, set aside, or correct his sentence, in limited circumstances, such as where an error is jurisdictional, of constitutional magnitude, or there has been a "complete miscarriage of justice." *Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004). Rule 4(b) of the Rules Governing Section 2255 Proceedings requires the court to screen the motion before ordering the government to respond and "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal." Rule 4(b) of the Rules Governing Section 2255 Proceedings.

In this instant Motion, Petitioner argues the following: (1) his Fifth Amendment right against double jeopardy was violated; (2) the Assistant United States Attorney ("AUSA") was ineffective; (3) certain witnesses and evidence should not have been introduced at the second trial; (4) the AUSA exhibited misconduct and abuse of discretion; (5) there were issues with the jury instructions; (6) his trial counsel was ineffective based on incompetence; and (7) his trial counsel was ineffective due to a conflict of interest between Petitioner, the Court, and the Government.

### I. Issues Previously Raised on Direct Appeal

Section 2255 does not serve as a substitute for or do-over of a direct appeal. *See Varela v. United States*, 481 F.3d 932, 935 (7th Cir. 2007). (A section 2255 motion is "neither recapitulation of nor a substitute for a direct appeal.") (citation omitted). If a petitioner does not raise a claim on direct appeal, that claim is barred from the court's collateral review unless the petitioner can

demonstrate cause and actual prejudice from the failure to appeal. *Sandoval v. United States*, 574 F.3d 847, 850-51 (7th Cir. 2009). Moreover, unless the petitioner demonstrates changed circumstances in fact or law, he may not raise issues already decided on direct appeal. *Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995).

Petitioner's arguments regarding double jeopardy (ground one), the introduction of witnesses and evidence at the second trial (ground three), and issues with the jury instructions (ground five) were previously raised and decided on appeal. *See Morgan*, 929 F.3d at 421, 427, 429. Petitioner has not provided any change in circumstance in fact or law that would allow him to relitigate these claims. Therefore, Petitioner's first, third, and fifth grounds are dismissed.

## II.     Claims that are Confusing, Vague, and Lacking any Basis in Fact

A district court may dismiss a section 2255 motion "if the allegations in the motion are unreasonably vague, conclusory, or incredible, or if the factual matters raised by the motion may be resolved on the record before the district court." *Oliver v. United States,* 961 F.2d 1339, 1343 (7th Cir. 1992). Further, dismissal of a section 2255 motion is appropriate upon a Rule 4 review if the allegations are incomprehensible. *See Montero v. United States*, No. 08-3157, 2008 WL 2945457, at *1 (C.D. Ill. July 28, 2008).

On his second ground, Petitioner claims that the "AUSA aims to prove a defendant guilty, [but] it is still the AUSA's responsibility to asure [sic] every defendant's 5th amendment rights to due process is upheld . . . [and] the AUSA violated the Double Jeopardy clause of the Fifth Amendment." ECF No. 141 at 2. Petitioner purports to advance this argument under an "ineffective counsel" claim. This claim is confusing, vague, and lacks any basis in fact. *See Oliver,* 961 F.2d at 1343. Petitioner cannot bring forth a claim for ineffective counsel regarding an attorney who

4

never represented him. The Court is also unable to decipher any other cognizable claim in his second ground.

Petitioner's fourth ground is also confusing, vague, and lacks any basis in fact. Petitioner claims that the AUSA committed misconduct and abuse of discretion at the second trial because he "knew that the witnesses were only there to be used as tools to assassinate Mr. Morgan's character . . . [i]n fact there is no actual evidence whatsoever presented that came from agents or witnesses that was connected to the drugs in this case." ECF No. 141 at 5. It is unclear how this allegation reflects that the AUSA committed misconduct or abuse of discretion. Additionally, the presentation of witnesses and evidence at the second trial ultimately led to his conviction; therefore, this claim also lacks any basis in fact.

Petitioner's seventh ground is incomprehensible. Petitioner claims there was a conflict of interest between the trial attorney, himself, the Court, and the Government. He further alleges that trial counsel was ineffective due to this conflict. His argument consists of the following "[t]he problem is the judge cannot advocate for the defendant which leads to counsel not advocating for his client. In fact it looks as though the defendant . . . was denied counsel altogether which should call for an automatic reversal of the guilty verdict." ECF No. 141 at 7-8. The Court is unable to decipher any cognizable claim in this instance.

As a result of the foregoing, Petitioner's second, fourth, and seventh ground are dismissed.

### III.   Ineffective Counsel

In order to prevail on an ineffective assistance claim, a petitioner must satisfy the dual standards of *Strickland v. Washington*, 466 U.S. 668 (1984). First, petitioner must show that his counsel's performance was deficient in that it fell below the standard of reasonably effective assistance. *Id.* at 687–91. In making this determination, there is a strong presumption that counsel's

conduct was within the wide range of reasonable professional assistance. *Id.* at 689. Second, petitioner "must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *Id*. at 694. Deficient performance alone will not warrant relief. *Id.* Even if professionally unreasonable, an error by counsel will not warrant setting aside a criminal judgment unless the petitioner shows "there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id*. at 695.

Petitioner has failed to allege sufficient facts to state a plausible claim of ineffective assistance of counsel. Petitioner presents no facts to demonstrate that his trial attorney's representation fell below an objective standard of reasonableness, or that he was prejudiced as a result of his attorney's actions. In Petitioner's sixth ground, Petitioner claims that the "6th amendment guarantees loyal, zealous, competent and conflict free counsel," but due to trial counsel admitting he was "learning as he went," he was ineffective. ECF No. 141 at 6. This barely scratches the surface of an ineffective counsel claim. An attorney will not be held ineffective simply because this may be his first trial experience. *See Strickland,* 466 U.S. at 694.

Petitioner also attempts to claim ineffective assistance of counsel in his first, third, fifth, and seventh grounds; however, Petitioner does not develop arguments surrounding those claims. Rather, Petitioner simply includes undeveloped statements, such as trial counsel "failed to advocate" for Petitioner or his "silence resulted in the second trial . . . [and][i]t could be construed as a denial of counsel." ECF No. 141 at 2-3, 6. The Court is mindful of the well-settled principle that when interpreting a pro se petitioner's § 2255 motion, district courts have a "special responsibility" to construe such pleadings liberally. *Donald v. Cook Cty. Sheriff's Dep't*., 95 F.3d 548, 555 (7th Cir. 1996). On the other hand, "a district court should not 'assume the role of advocate for the pro se litigant' and 'may not rewrite a petition to include claims that were never

6

presented'." *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). Given Petitioner's lack of arguments surrounding ineffective assistance of counsel, he has not demonstrated a reasonable probability that counsel's alleged deficient performance would have affected the result at trial. *See Strickland,* 466 U.S. at 694 (to show prejudice stemming from ineffective assistance of counsel, a defendant must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.").

As a result of the foregoing, Petitioner's first, third, fifth, sixth, and seventh grounds are dismissed.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing § 2255 proceedings requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." As such, the Court must determine whether to grant Petitioner a certificate of appealability under 28 U.S.C. § 2253(c)(2).

According to § 2253, a habeas petitioner will only be allowed to appeal issues for which a certificate of appealability has been granted. *Sandoval v. United States*, 574 F.3d 847, 852 (7th Cir. 2009). A petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Id.* (citing 28 U.S.C. § 2253(c)). Under this standard, a petitioner must demonstrate that "reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For cases in which a district court denies a habeas claim on procedural grounds, the habeas court should issue a certificate of appealability only if the petitioner shows that jurists of reason would find it

7

debatable whether: (1) the petition states a valid claim of the denial of a constitutional right, and (2) the district court was correct in its procedural ruling. *Id.*

Consistent with the discussion above, the Court finds that Petitioner has not made a substantial showing of a denial of a constitutional right and no reasonable jurist would find that Petitioner has stated any valid claims. Therefore, the Court declines to certify any issues for appeal pursuant to § 2253(c)(2).

## CONCLUSION

For the reasons stated above, Petitioner's [141] Motion to Vacate, Set Aside, or Correct Sentence under § 2255 is DISMISSED. The Court also declines to issue a Certificate of Appealability. This case is now TERMINATED, and the Clerk of Court is instructed to close the case.

ENTERED this 22nd day of July, 2020.

/s/ Michael M. Mihm
Michael M. Mihm
United States District Judge