E-FILED
Tuesday, 17 November, 2020  10:08:53 AM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 16-CR-10031** |
| | ) | |
| **KENT MORGAN,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>ORDER AND OPINION</u>

This matter is now before the Court on Defendant Morgan's Motions for Compassionate Release (D. 144, 147), the Government's Response (D. 148), and Defendant's Reply (D. 151). For the reasons set forth below, Defendant's Motions are DENIED.

## BACKGROUND

On May 25, 2016, Defendant was indicted for possession of methamphetamine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). (D. 17). The original indictment did not contain any information as to the amount of methamphetamine in Defendant's possession. *Id.* Subsequent testing established Defendant was carrying 86.5 grams of 99.2% pure methamphetamine (D. 127 at pp. 135), and as a result, a superseding indictment was entered charging Defendant with a single count of possession of more than 50 grams of methamphetamine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). (D. 28).

On August 5, 2016, a Notice of Prior Conviction was filed seeking an enhancement of Defendant's sentence under 21 U.S.C. § 851 for Defendant's February 14, 2013, felony drug conviction, Attempted Possession of Methamphetamine – over 2 grams, in Garfield County District Court, Colorado. (D. 41). As a result of that conviction, Defendant was sentenced to 60

days custody and 2 years of probation.  (D. 84 at p. 10) While on probation, multiple warrants were issued for Defendant's arrest due to his failure to comply with probation. *Id.* at pp. 10-11. As a result, Defendant's probation was extended and he was sentenced to serve an additional 90 days in jail. *Id.*  On February 3, 2016, another warrant was issued for Defendant's arrest for failure to comply with probation, and that warrant remained outstanding at the time of Defendant's arrest in this case. *Id.* at p. 11.

Defendant was sentenced in this case on August 7, 2018, to 240 months imprisonment for possession of methamphetamine with intent to distribute and ordered to serve 10 years of supervised release. (D. 108). At the time of sentencing, Defendant had a total offense level of 30 and a criminal history category IV (D. 84 at ¶¶ 30, 47), and the guideline imprisonment range was 135-168 months (*Id.* at ¶ 97).  However, the statutorily required minimum sentence of twenty years was greater than the maximum applicable guideline range, and therefore the guideline term of imprisonment was 240 months. *Id.* at ¶ 97. Defendant has currently served less than five years of his twenty-year sentence. No records have been provided from the BOP regarding Defendant's disciplinary history while in custody.

On October 13, 2020, Defendant filed an initial Motion for Compassionate Release. (D. 144). On October 15, 2020, a Federal Public Defender entered an appearance on behalf of the Defendant and filed an Amended Motion for Compassionate Release on his behalf on October 23, 2020. (D. 147). On November 6, 2020, the United States filed its Response opposing Defendant's Motions for Compassionate Release. (D. 148). On November 9, 2020, Defendant filed a Reply to the United States' Response. (D. 152). This Order follows.

## LEGAL STANDARD

Before filing a motion for compassionate release, a defendant is required to first request that Bureau of Prisons (BOP) file a motion on his behalf. 18 U.S.C. § 3582(c)(1)(A). A court may grant a motion only if it was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after thirty days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id*.

The compassionate release statute directs the Court to make three considerations: (1) whether extraordinary and compelling reasons warrant a sentence reduction; (2) whether a reduction is consistent with the factors listed in 18 U.S.C. § 3553(a); and (3) whether a reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1).

If an inmate has a chronic medical condition identified by the Centers for Disease Control (CDC) as elevating the inmate's risk of becoming severely ill from COVID-19, that condition may satisfy the standard of "extraordinary and compelling reasons." A chronic condition reasonably may be found to be "serious" and to "substantially diminish the ability of the defendant to provide self-care within the environment of a correctional facility." USSG § 1B1.13, cmt. n.1(A)(ii)(I).

"The mere presence of COVID-19 in a particular prison cannot justify compassionate release—if it could, every inmate in that prison could obtain release." *See, e.g., United States v. Melgarejo*, 2020 WL 2395982 at *5 (C.D. Ill. May 12, 2020). Rather, "a prisoner [may] satisfy the extraordinary and compelling reasons requirement by showing that his particular institution is facing a serious outbreak of COVID-19 infections, the institution is unable to successfully contain

the outbreak, and his health condition places him at significant risk of complications should he contract the virus." *Id*. at 5–6.

Finally, a court must deny a sentence reduction unless it determines that a defendant "is not a danger to the safety of any other person or to the community." USSG § 1B1.13(2).

## DISCUSSION

Generally, the Court is statutorily prohibited from modifying a term of imprisonment once it has been imposed. *See* 18 U.S.C. § 3582(c). Several statutory exceptions exist, one of which allows the Court to grant a defendant compassionate release if certain requirements are met. *See* 18 U.S.C. § 3528(c)(1)(A). Since the enactment of the First Step Act, 18 U.S.C. § 3582(c)(1)(A), an inmate is allowed to file a motion for compassionate release, but only after exhausting administrative review of a BOP denial of the inmate's request for the BOP to file a motion or after waiting thirty days from when the inmate's request was received by the BOP, whichever is earlier.

The statute states as follows:

The court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i)     extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3528(c)(1)(A).

**A. Defendant failed to establish he has met the 30-day exhaustion requirement**

No evidence has been presented that the exhaustion requirements have been met. Defendant claims in his Motions for Compassionate Release that he sought compassionate release from the warden on September 2, 2020, and that his request went unanswered, but he provided no documentation in support of this assertation. Simply presenting the e-mail or written request that the Defendant submitted to the warden requesting compassionate release 30-days prior to filing his Motion for Compassionate Release with the Court would have presented some evidence that he exhausted his administrative remedies. Therefore, the Court finds Defendant failed to establish that he has met the exhaustion requirements set forth in 18 U.S.C. § 3582(c)(1)(A).

**B. Waiver of Exhaustion Requirement**

Since COVID-19 has wreaked havoc on this country, many federal judges, including those in the Central District of Illinois, have considered this issue. Some judges have found that they have the discretion to waive the 30-day requirement in light of the serious risks associated with COVID-19. *See e.g. United States v. Anderson,* 2020 WL 2521513 (C.D. Ill. May 18, 2020); *United States v. Scparta,* 2020 WL 1910481 (S.D.N.Y. Apr. 19, 2020); *United States v. Guzman Soto,* 2020 WL 195323 (D. Mass. Apr. 17, 2020); *Untied States v. Russo,* 2020 WL 1862294 (S.D.N.Y. Apr. 14, 2020); *United State v. Smith,* 2020 WL 1849748 (S.D.N.Y. Apr. 13, 2020); *United State v. Hanley,* 2020 WL 1821988, at *1 (S.D.N.Y. Apr. 13, 2020); *United States v. McCarthy,* 2020 WL 1698732 (D. Conn. Apr. 8, 2020). Other judges have held that the 30-day requirement is mandatory, not subject to exception. *See e.g. United States v. Cox,* 2020 WL 1923220, at *1 (S.D. Ind. Apr. 21, 2020); *United States v. Demaria,* 2020 WL 1888910 (S.D.N.Y. Apr. 16, 2020); *United States v. Rensing,* 2020 WL 1847782, at *1 (S.D.N.Y. Apr. 13, 2020); *United States v. Roberts,* 2020 WL 1700032, at *2 (S.D.N.Y. Apr. 8, 2020).

The Seventh Circuit has not yet directly addressed the division, but the Central District of Illinois has previously interpreted Section 3582(c)(1)(A) to not require an inmate to fully exhaust BOP procedures before coming to court, in some circumstances, stating:

> While a court may certainly decline to consider a motion where Defendant has not waited thirty days, nothing in the statutory scheme suggests that Congress intended to preclude the court from exercising judicial discretion and to take into account timeliness and exigent circumstances related to why the defendant seeks compassionate release.

*Anderson,* 2020 WL 2521513, at *4.

Based on the House Report for the First Step Act, the statute is designed to "enhance public safety and security." H.R. 115-699 at 22; *Id.* To automatically deny Defendant's motion without reaching the merits, could frustrate this purpose. However, even if the Court waived the exhaustion requirement, Defendant is otherwise ineligible for compassionate release.

### C.  Eligibility for Compassionate Release

Defendant has failed to establish extraordinary and compelling reasons justifying compassionate release or a sentence reduction in this case. Defendant is a 56-year-old male who seeks compassionate release due to medical conditions that increase his risk for severe illness if he contracts COVID-19, specifically (1) self-reported obesity and (2) hypertension. (D. 147 at p. 2). Defendant self-reports that he is 5'6" and 188 pounds. *Id.* However, Defendant's most recently medical records show his height and weight being 5'9" and 170 pounds on March 24, 2020. (D. 150-1 at p. 9). Even assuming Defendant has gained 18 pounds in the last eight months, at 5'9" his BMI is below 30. According to the CDC's website, having a BMI greater than 30 increases the risk for severe illness from COVID-19. (*Center for Disease Control and Prevention, People at Increased Risk*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/index.html

(last visited 11/16/2020)). Based on the evidence presented, the Court does not find that Defendant's weight increases his risk of severe illness from COVID-19.

While the Court acknowledges that Defendant has been diagnosed with hypertension, the Court does not find that this alone puts him at a risk for severe illness from COVID-19. This is supported by the fact that Defendant's medical records show that he tested positive for COVID-19 in September 2020 and was asymptomatic. (D. 150-1 at pp. 22, 25).

Additionally, the number of COVID-19 cases at FCI Big Spring has decreased in the past month. Currently there are 12 positive cases (6 inmates and 6 staff) and 714 people have recovered. (https://www.bop.gov/coronavirus/ (last visited on 11/16/2020)). As previously stated, "[t]he mere presence of COVID-19 in a particular prison cannot justify compassionate release – if it could, every inmate in that prison could obtain release." *See e.g., United States v. Melgarejo*, 2020 WL 2395982, at *3 (C.D. Ill. May 12, 2020). Considering the decrease in COVID-19 cases at FCI Big Spring over the last several weeks, the Court believes the BOP's approach to containing the outbreak at this facility is adequate. Therefore, the Court finds Defendant has failed to meet his burden of establishing extraordinary and compelling circumstances justifying his release.

The Court's consideration of § 3553(a) factors also militates against early release for this Defendant. The Defendant was sentenced to 240 months of imprisonment for possession of methamphetamine with intent to distribute. (D. 108). At the time of sentencing, Defendant had a total offense level of 30 and a criminal history category IV and was on probation for a prior drug offense. (D. 84 at ¶¶ 30, 47). Defendant also repeatedly violated probation and continued to use methamphetamine. (D. 84 at pp. 10-11). The Court finds this sentence appropriate considering the sentencing guidelines, the fact Defendant's offense was repeated and serious, and coupled with his criminal history.

Accordingly, the Court finds that his early release would not be justifiable under the §
3553(a) factors.

## CONCLUSION

For the reasons set forth above, Defendant's Motions [144], [147] are DENIED.

Entered this 17th day of November 2020.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge
