IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16-CR-10031 |
| | ) | |
| KENT MORGAN, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AND OPINION

This matter is now before the Court on Defendant's Motion to Modify Sentence under 18 U.S.C. 3582(c)(1)(A) ("Motion"). (D. 155). For the reasons set forth below, Defendant's Motion is DENIED.

## BACKGROUND

In May 2016 Defendant was indicted for possession of methamphetamine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). (D. 17). The original indictment did not contain any information as to the amount of methamphetamine in Defendant's possession. *Id.* Subsequent testing established Defendant was carrying 86.5 grams of 99.2% pure methamphetamine (D. 127 at pp. 135), and as a result, a superseding indictment was entered charging Defendant with a single count of possession of more than 50 grams of methamphetamine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). (D. 28). On August 5, 2016, a Notice of Prior Conviction was filed seeking an enhancement of Defendant's sentence under 21 U.S.C. § 851 for Defendant's February 14, 2013, felony drug conviction, Attempted Possession of Methamphetamine – over 2 grams, in Garfield County District Court, Colorado. (D. 41).

A jury convicted Defendant of possession with intent to distribute more than 50 grams of methamphetamine pursuant to §§ 841(a)(1) and (b)(1)(A), and on August 7, 2018, this Court sentenced Defendant to 240-months imprisonment, to be followed by ten years of supervised release. (D. 108). At the time of sentencing, Defendant had a total offense level of 30 and a criminal history category IV (D. 84 at ¶¶ 30, 47), and the guideline imprisonment range was 135-168 months (*Id.* at ¶ 97). However, Defendant's prior conviction for a felony drug offense enhanced his sentence to a mandatory minimum of 240-months.

On October 13, 2020, Defendant filed an initial Motion for Compassionate Release arguing the COVID-19 pandemic combined with his underlying health conditions constituted an "extraordinary and compelling" reason for release. (D. 144). In support of early release, Defendant also argued the First Step Act of 2018 amended what qualified as a predicate offense to enhance his sentence under § 841(b)(1)(A) and lessened the mandatory minimum from 20 years to 15 years. *Id.* This Court denied the motion finding Defendant had failed to present an "extraordinary and compelling" reason for release. (D. 153).

On July 1, 2022, Defendant filed this *pro se* Motion, which is presently before the Court. (D. 155). The Motion was docketed as a motion to reduce sentence under the First Step Act. Upon further review, it is clear Defendant is again requesting a sentence modification under 18 U.S.C. § 3582(c)(1)(2). On July 12, 2022, Defendant's counsel filed a Notice of Intent Not to File an Amended Motion for Compassionate Release. (D. 12). On August 2, 2022, the Government filed a Response. (D. 158). This Order follows.

## LEGAL STANDARD

Before filing a motion for compassionate release, a defendant is required to first request that the Bureau of Prisons (BOP) file a motion on his or her behalf. 18 U.S.C. § 3582(c)(1)(A). A

court may grant a motion only if it was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after thirty days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id*.

The compassionate release statute directs the Court to make three considerations: (1) whether extraordinary and compelling reasons warrant a sentence reduction; (2) whether a reduction is consistent with the factors listed in 18 U.S.C. § 3553(a); and (3) whether a reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1). The Seventh Circuit provided further instruction regarding the proper analysis when evaluating a motion for a discretionary sentencing reduction under § 3582(c)(1)(A) based on "extraordinary and compelling" reasons, which includes two steps. *United States v. Thacker*, 4 F.4th 569, 576 (7th Cir. 2021).

> At step one, the prisoner must identify an "extraordinary and compelling" reason warranting a sentence reduction…. Upon a finding that the prisoner has supplied such a reason, the second step of the analysis requires the district court, in exercising the discretion conferred by the compassionate release statute, to consider any applicable sentencing factors in § 3553(a) as part of determining what sentencing reduction to award the prisoner.

*Id.* The Seventh Circuit has also held that "because the Guidelines Manual lacks an applicable policy statement, the trailing paragraph of § 3582(c)(1)(A) does not curtail a district judge's discretion." *United States v. Gunn,* 980 F.3d 1178, 1180 (7th Cir. 2020). This Court is therefore not bound by the Sentencing Commission's analysis in § 1B1.13 or the application notes regarding the definition of "extraordinary and compelling reasons." *Id*. at 1181.

## DISCUSSION

The Government's Response does not address the exhaustion requirement in § 3582(c)(1)(A). The Seventh Circuit has held that the exhaustion requirement is "an affirmative

3

defense, not a jurisdictional prerequisite, so the government will lose the benefit of the defense if it fails to properly invoke it." *United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021); *United States v. Gunn*, 980 F.3d 1178, 1181 (7th Cir. 2020). The Government did not invoke the defense and, therefore, the Court will proceed to address Defendant's Motion on the merits.

The only argument raised in Defendant's Motion is that he should be resentenced without the § 851 enhancement. Defendant argues the 2013 drug offense used to enhance his conviction does not qualify as a predicate offense under § 841. He further argues that if he were sentenced today the Government would not and should not have filed the § 851 enhancement, and that changes to the law made by the First Step Act of 2018 would disqualify him for the § 851 enhancement.

Defendant's Counsel subsequently filed a Notice of Intent Not to File an Amended Motion for Compassionate Release, stating the Seventh Circuit forecloses Defendant's arguments:

> The suggestion that the government should have originally declined to file a § 851 as well as the suggestion that the government could not file a § 851 notice today after the First Step Act cannot be extraordinary and compelling reasons for compassionate release. *See United States v. Martin*, 21 F.4th 944 (7th Cir. 2021); *United States v. Thacker,* 4 F.4th 569 (7th Cir. 2021). As [Defendant] has not presented any further grounds for a sentence modification, current circuit precedent prohibits the undersigned from filing any amended motion on his behalf.

(D. 157, ¶ 6). Government's Response reiterated that because Defendant was sentenced prior to the changes in § 841(b)(1)(A) sentencing law made by the First Step Act of 2018, and that the Seventh Circuit has held that these prospective changes to mandatory minimum sentences are not "extraordinary and compelling reasons" for compassionate release. (D. 158, p. 8).

While courts are no longer bound by the trailing paragraph of § 3582(c)(1)(A), the discretionary authority conferred by § 3582(c)(1)(A) is not unlimited. The Seventh Circuit has made clear that errors in the original sentencing and subsequent changes to sentencing law alone

is not an "extraordinary and compelling" reason for release. *See Martin*, 21 F.4th at 946; *see also Thacker*, 4 F.4th at 575. To allow otherwise would circumvent the principal path prescribed by Congress for federal prisoners to challenge their sentence, as set forth in 28 U.S.C. § 2255, *et seq.* Here, Defendant was sentenced before December 21, 2018, and therefore changes to § 841 by the First Step Act of 2018 do not apply and Defendant's sentence remains intact. Based on the foregoing, the Court finds Defendant has failed to meet his burden of establishing "extraordinary and compelling" circumstances justifying his release.

Because Defendant failed to identify an "extraordinary and compelling" reason warranting a sentence reduction, this Court need not consider the sentencing factors under § 3553(a). *See Thacker*, 4 F.4th at 576.

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) [155] is DENIED.

ENTERED this 22nd day of August, 2022.

s/ Michael M. Mihm<br>
Michael M. Mihm<br>
United States District Court Judge